**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 13-4010**

---

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

SIRRICO FITZGERALD BURNSIDE,

              Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Greenville. Timothy M. Cain, District Judge. (6:12-cr-00220-TMC-1)

---

Submitted: June 20, 2013          Decided: July 15, 2013

---

Before NIEMEYER, DAVIS, and WYNN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

James B. Loggins, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. Maxwell B. Cauthen, III, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sirrico Fitzgerald Burnside pled guilty, pursuant to a written plea agreement, to possession with intent to distribute heroin, possession with intent to distribute heroin and cocaine, and two counts of being a felon in possession of a firearm, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2006) and 18 U.S.C. § 924(e) (2006). Based on a total offense level of 31 and a criminal history category of VI, Burnside's advisory Guidelines range was 188 to 235 months imprisonment. The district court imposed a sentence of 188 months. Burnside appeals.

Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether Burnside's 188-month sentence is reasonable. Although advised of his right to file a pro se supplemental brief, Burnside has not done so.

We review a sentence for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id.; see United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). In determining the procedural reasonableness of a sentence, this court considers whether the district court properly calculated

2

the defendant's Guidelines range, treated the Sentencing Guidelines as advisory, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Gall, 552 U.S. at 51. A sentence imposed within the properly calculated Guidelines range is presumed reasonable by this court. United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010), cert. denied, 131 S. Ct. 3078 (2011).

We find that the sentence imposed by the district court was both procedurally and substantively reasonable. The district court properly calculated Burnside's sentencing range under the advisory Guidelines, considered the relevant § 3553(a) factors, and imposed a sentence within the applicable sentencing range. Burnside has not overcome the rebuttable presumption of reasonableness accorded his within-Guidelines sentence. See Rita v. United States, 551 U.S. 338, 347 (2007).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Burnside's conviction and sentence. This court requires that counsel inform Burnside, in writing, of the right to petition the Supreme Court of the United States for further review. If Burnside requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from

3

representation. Counsel's motion must state that a copy thereof was served on Burnside.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4